IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| THEAPULIUS DEMEATRIOS PORTER, | : : : | |
| Plaintiff, | : : | |
| VS. | : : | CIVIL NO. 1:14-CV-33-WLS-TQL |
| SHERIFF KEVIN SPROUL, *et al.*, | : : : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Plaintiff Theapulius Porter has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  (Docs. 2, 9.)  Based on the submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the entire filing fee.  Plaintiff's Motions to Proceed *in forma pauperis* are thus **GRANTED**.  Plaintiff is notified that he shall remain obligated to pay any remaining balance due of the above filing fee.  Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

Plaintiff's complaint[1] is before the court on preliminary review.

## DISCUSSION

---

[1] Plaintiff was ordered to file a recast complaint in this case, which he filed on March 28, 2014.  (Doc. 8.)  The recast complaint supersedes the original complaint, and as such, this Order and Recommendation addresses only the claims as alleged in Plaintiff's recast complaint.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a federal court shall dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that:

2

(1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

## II. BACKGROUND

In his recast complaint, Plaintiff sues Dougherty County Sheriff Kevin Sproul, along with Dougherty County Jail ("DCJ") Major Sabrina Lewis, DSJ Major Dan Haggerty, DSJ Colonel John Ostrander, DSJ Lieutenant Chuck Faulk, DSJ Lieutenant Cathy Parks, DSJ Captain A. Brock, and DSJ Sargent M. Farley. (Recast Compl. 1.) Although his recitation of the facts is at times disjointed, Plaintiff's recast complaint alleges that on March 31, 2013, he was booked into the Dougherty County Jail on a charge of aggravated assault. Plaintiff contends he was placed on what appears to be a suicide watch in a concrete room with no mattress and no foot protection for ninety (90) days (Recast Compl. 2). Plaintiff next alleges that on June 19, 2013, "or June 24th and 25th,"[2] he appeared before Captain Brock, Sargent Farley, and Lieutenant Cathy Parks "for a disciplinary report."[3] Plaintiff claims that he was thereafter "deprived of [his]

---

[2] Many of the dates listed by Plaintiff throughout his recast complaint are inconsistent.
[3] For purposes of clarification only, it is noted that Plaintiff's original complaint includes reference to

3

liberty and a fair disciplinary hearing and full hearing in violation of [his] procedural due process." Plaintiff further alleges that his "5th, 6th, 1st and 14th constitutional amendment" rights were violated as a result of this process.[4] Plaintiff's recast complaint then contends that on June 19, 2013, and September 28, 2013,[5] Captain Brock, Sargent Farley, Lieutenant Parks, and Colonel John Ostrander violated his rights by denying him any assistance in preparing his defense, denying him the right to present any witnesses in his defense or to confront his accusers, and failing to notify him prior to any disciplinary report hearings. Plaintiff states that he was convicted at the disciplinary hearing based on several errors, including what he claims were erroneous dates listed on the disciplinary reports. Plaintiff alleges he served sixty (60) days on two different occasions[6] in the "B-200 Isolation Segregation Lockdown Unit" as a result of the finding of guilt at his disciplinary hearing. Plaintiff contends he wrote a grievance requesting that the disciplinary report be expunged from his record, but the grievance failed.

Upon his entry into the Lockdown Unit, Plaintiff alleges he was not provided with "shower shoes" or proper footwear, causing his feet and knees to hurt. Plaintiff further alleges he was deprived of running water in the sink and toilet, causing him to become

---

disciplinary reports he received for "harassment (sexual or racial)" and "interfering with a staff member's duties" regarding DCJ Duty Officer Mercedes Luster, who is not named as a Defendant in the complaint.. (Compl. 9.)

[4] Plaintiff fails to allege with any specificity which of the rights guaranteed to him through the First, Fifth, Sixth, and Fourteenth Amendments were violated.

[5] This claim is chronologically inconsistent. This event clearly occurred *before* the hearing, yet this date is months after the date of the hearing.

[6] Plaintiff's recast complaint provides conflicting accounts of when he was placed into the Segregation Unit to serve his disciplinary sentence. Plaintiff first alleges he "did" sixty days' time from June 24 to September 24, 2013, and again beginning October 28, 2013, in the Lockdown Segregation Unit. (Recast Compl. 3.) However, in the next paragraph, Plaintiff claims he was placed into the Segregation Lockdown Unit on or about July 8, 2013, and October 28, 2013.

dehydrated and forcing him and his roommate to smell their bowel movements. Plaintiff also claims a denial of outdoor recreation and a lack of light at night. (Recast Compl. 3.)

Plaintiff seeks a dismissal of all of his charges, $200,000 in damages for pain and suffering, $200,000 for mental stress, anguish, and emotional stress, $40,000 in compensatory damages, $300,000 in punitive damages, nominal damages, injunctive[7] and declaratory relief. (Compl. 17.)[8]

## III. Analysis

### A. *Supervisory Liability*

Plaintiff's recast complaint fails to allege any specific harms arising from the actions of Defendants Sheriff Kevin Sproul, DCJ Director of Security Major Sabrina Lewis, or DCJ Director of Care and Treatment Major Dan Haggerty. It is apparent from his allegations that Defendant Sproul, Major Lewis, and Major Haggerty are named solely because of their supervisory positions. "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how *overt acts* of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted) (emphasis added). Defendants Sproul, Lewis and Haggerty cannot be liable solely by virtue of their supervisory positions. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999). To state a claim against a supervisory

---

[7] Plaintiff's requests for injunctive and declaratory relief are moot because he has since been released from the Dougherty County Jail. *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief.").

[8] Plaintiff's recast complaint fails to list any requests for relief or damages from the alleged constitutional violations. However, because Plaintiff is proceeding *pro se* in this case, the Court liberally construes his pleadings and acknowledges the damages as sought by Plaintiff in his original complaint.

official, Plaintiff must allege that the supervisor "personally participate[d] in the alleged unconstitutional conduct or . . . there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003). Plaintiff's recast complaint makes no attempt to connect Defendants Sproul, Lewis, or Haggerty to the acts in question. Therefore, it is **RECOMMENDED** that Plaintiff's claims against Defendants Sproul, Lewis, and Haggerty be **DISMISSED**. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

### B.   *Due Process Claims*

Plaintiff alleges that he was denied a fair hearing for erroneous disciplinary reports he received, which Plaintiff claims was a violation of his due process rights. Plaintiff acknowledges that he was given a disciplinary hearing on June 19, 2013. (Recast Compl. 2.) Plaintiff, however, claims that the hearing was constitutionally unfair because he was not allowed to have an assistant help him prepare his defense, nor was he allowed to present witnesses, confront his accusers, or be notified prior to the hearing.

#### i.   *Fourteenth Amendment*

To the extent that Plaintiff has attempted to state a due process claim based on his placement in the Lockdown Unit following his disciplinary report hearing, it is found that Plaintiff's claims need further development. Specifically, Plaintiff contends that the hearing was constitutionally unfair because he was not allowed to have an assistant help

6

him prepare his defense, nor was he allowed to present witnesses or confront his accusers. He also claims he was not given advance notice of the hearing. (Recast Compl. 2.)

The Eleventh Circuit has held that, with regard to disciplinary hearings, due process requires that prisoners receive: (1) "advance written notice of the charges against them"; (2) "an opportunity ... to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals"; and (3) "a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action." *Hildebrant v. Butts*, --- F. App'x ---, 2013 WL 6481727 (Dec. 11, 2013) (citations and internal quotations omitted). Construing Plaintiff's allegations in his favor then, the Court concludes that Plaintiff has alleged colorable Fourteenth Amendment due process claims and those claims will be allowed to proceed.

However, to the extent that Plaintiff claims a due process violation because the Defendants failed to grant his grievances, those claims must fail. (Recast Compl. 4.) The Eleventh Circuit has agreed with other circuit courts in finding that a prisoner does not have a constitutionally-protected liberty interest to an inmate grievance procedure. *Thomas v. Warner,* 237 F. App'x 435, **2 (11th Cir. 2007) (citations omitted). "Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim." *Id.* As such, it is **RECOMMENDED** that any due process violation claims dealing with the denial of Plaintiff's grievances be **DISMISSED**. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned

within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

### ii. *Fifth Amendment*

Plaintiff's recast complaint states that his Fifth Amendment rights were also violated by the Defendants. The undersigned presumes that Plaintiff simply referenced the Fifth Amendment in error. A state prisoner's due process rights are protected by the Fourteenth Amendment. The Due Process Clause of the Fifth Amendment is only implicated when a plaintiff alleges federal action. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("the Fifth Amendment's due process clause applies only to the federal government"); *Pugh v. Dix*, No. 09–00016–KD–N, 2011 WL 2670084, at *8 n.11 (S.D. Ala. May 31, 2011) ("The Fifth Amendment's due process clause only applies to the federal government and is, therefore, inapplicable in this case."). Plaintiff has not made any allegations against a federal actor in his Complaint. It is thus **RECOMMENDED** that any due process claim brought under the Fifth Amendment be **DISMISSED** <u>with</u> prejudice because there can be no valid Fifth Amendment due process claim by operation of law. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

### C. *Eighth Amendment Claims*

A plaintiff who challenges the conditions of his confinement under the standard set by the Eighth Amendment must prove that the conditions complained of constitute

"cruel and unusual punishment." *U.S.C.A Const. Amend 8.* "The Eighth Amendment, applicable to the states through the Fourteenth Amendment, forbids cruel and unusual punishments." *Dixon v. Toole*, 225 F. App'x 797, 798 (11th Cir. 2007) (citations omitted). It "governs the treatment a prisoner receives in prison and the conditions under which he is confined." *Farrow v. West*, 320 F.2d 1235, 1242 (11th Cir. 2003) (internal quotation marks and citation omitted). "However, not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Id.* (internal quotation marks and citation omitted).

In this case, Plaintiff's claims that he was denied adequate footwear, running water in the sink and toilet, outdoor recreation time, and a lack of light at night properly fall under the Eighth Amendment's prohibition against cruel and unusual punishment. A viable Eighth Amendment claim has both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires proof that the officials acted with subjective deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). The objective component requires proof that the deprivation was sufficiently serious. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The Supreme Court has held that prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347

(1981). The Court further held that the Constitution "does not mandate comfortable prisons." *Id.* at 349. Prison officials, however, "must provide humane conditions of confinement; must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer* at 832 (citations and quotation omitted). "A plaintiff seeking to show unconstitutional conditions must clear a 'high bar' by demonstrating 'extreme deprivations.'" *Ellis v. Pierce Cnty., GA*, 415 F. App'x 215 *1 (11th Cir. Feb. 24, 2011) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004)).

Liberally construing the facts in the light most favorable to the Plaintiff, it is found that Plaintiff has alleged a colorable Eighth Amendment claim of cruel and unusual punishment. Thus, this claim will be allowed to proceed.

### D.     *Remaining Claims*

As noted above, Plaintiff claims, without further explanation, that his First and Sixth Amendment rights were also violated by the Defendants. Because Plaintiff is proceeding *pro se* in this case, this Court liberally construes the allegations in his pleadings. *Alba v. Montford*, 517 F. 3d 1249, 1252 (11th Cir. 2008).

#### i.     *First Amendment Claims*

The Court construes Plaintiff's somewhat nebulous claim as an allegation that the Defendants retaliated against Plaintiff for his exercising his First Amendment rights to complain about the conditions of his confinement. For a prisoner to state a First Amendment retaliation claim under § 1983, the prisoner must establish that: (1) his speech was constitutionally protected; (2) the Defendant's retaliatory conduct adversely

10

affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on the speech. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech under the First Amendment. *See id.* To prevail, however, the adverse action that the prisoner suffers as a result of a prison official's retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech." *Smith v. Mosley,* 532 F.3d 1270, 1276 (11th Cir. 2008). "The causal connection inquiry asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement." *Id.* at 1278 (citation omitted).

In this case, Plaintiff states that he filed a grievance regarding the disciplinary hearing, specifically asking that the disciplinary report be expunged from his record, but that grievance failed. (Recast Compl. 3.) Nowhere, however, does Plaintiff allege that he suffered an adverse action from the filing of the grievance that likely would deter a person of ordinary firmness from engaging in such speech. *See id.* at 1276. As such, Plaintiff fails to state a claim for retaliation for filing his grievance. It is therefore **RECOMMENDED** that any claim for a violation of Plaintiff's First Amendment rights be **DISMISSED.** Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

      *ii.*    **Sixth Amendment Claims**

Plaintiff also makes an unsupported claim of a violation of his Sixth Amendment

rights. (Recast Compl. 2.) The Sixth Amendment of the Constitution states that

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

The Court presumes that Plaintiff's Sixth Amendment claim stems from his contention that he was not allowed to present witnesses or confront his accusers at his disciplinary hearing. Plaintiff's claims, however, must fail. The Eleventh Circuit has held that "[t]he Sixth Amendment is limited by its very terms to criminal prosecutions," *Little v. City of N. Miami*, 805 F.2d 962, 968 (11th Cir. 1986). Because a disciplinary hearing does not qualify as a criminal prosecution, it is **RECOMMENDED** that any claims relating to a violation of Plaintiff's Sixth Amendment rights be **DISMISSED.** Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

## ORDER OF SERVICE

It is hereby **ORDERED** that service be made on Defendants Colonel John Ostrander, Lieutenant Chuck Faulk, Lieutenant Cathy Parks, Captain A. Brock, and Sargent M. Farley as to Plaintiff's due process and cruel and unusual punishment claims only. The Defendants shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary

service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall, at all times, keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants'

answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of

the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

SO ORDERED, this 9th day of May, 2014.

s/*Thomas Q. Langstaff*
UNITED STATES MAGISTRATE JUDGE

lws